# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT
# OF NORTH CAROLINA

| | |
|---|---|
| SAUER BRANDS INC. a/k/a DUKE'S, <br><br> Plaintiff, <br><br> v. <br><br> DUKE SANDWICH PRODUCTIONS INC., DFP SANDWICH SHOPS LLC, and DUKE BRANDS, <br><br> Defendants. | Case No. 3:19-cv-00508-FDW-DSC |

## JOINT PROTECTIVE ORDER

It is hereby ORDERED by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1. Counsel for any party or third party may designate any document or information contained in a document as "Confidential" if counsel determines that, in good faith, that such designation is necessary to protect the interests of the client. Counsel for any party may designate any document or information contained in a document as "Confidential Attorney Eyes Only" if counsel determines, in good faith, that such document or information is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, or any other sensitive trade secret information. Confidential and Confidential Attorney Eyes Only Information does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential. Information and

documents designated by a party as confidential will be labeled "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY EYES ONLY."

2. Unless otherwise ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by person receiving such information solely for use in connection with the above-captioned action.

3. In the event a party challenges another party's Confidential Information or Confidential Attorney Eyes Only designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information or Confidential Attorney Eyes Only information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information and Confidential Attorney Eyes Only information disclosed, in accordance with applicable law.

4. Information or documents designated as "Confidential" shall not be disclosed to any person except:

    a. The requesting or receiving party and counsel;

    b. Supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services;

    c. Consultants or experts to the extent deemed necessary by counsel;

    d. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown Confidential Information during and in preparation for his/her testimony and may not retain the Confidential information; and

    e. The Court or the jury at trial or as exhibits to motions.

5. Confidential Attorney Eyes Only Information shall not be disclosed to any person except:

   a. Outside counsel for the requesting or receiving party;

   b. Supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services;

   c. Consultants or experts to the extent deemed necessary by counsel; and

   d. persons to whom counsel for the party designating agrees that the material may be disclosed; and

   e. The Court or jury at trial or as exhibits to motions.

6. Prior to disclosing or displaying the Confidential Information or Attorney's Eyes Only information to any person, counsel shall:

   a. Inform the person of the confidential nature of the information or documents; and

   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

7. The Confidential Information or Confidential Attorney Eyes Only information may be displayed to and discussed with the persons identified in Paragraph 4(c), 4(d), 5(c), and 5(d) above only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information or Confidential Attorney Eyes Only information may seek appropriate relief from this Court.

8. For purposes of Paragraphs 4(d), 4(d), 5(d), and 5(d) it is understood by the parties that any documents which become part of an official proceeding or which are filed with the Court are public documents, and that such documents and can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents.

9. At the conclusion of litigation, the Confidential and Confidential Attorney Eyes Only information and any copies thereof shall be promptly (and in no event later than thirty days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed.

10. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further protective order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

**SO ORDERED**.

Signed: February 28, 2020

David S. Cayer
United States Magistrate Judge

## Exhibit A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled _____ have been designated as confidential. I have been informed that any such document or information labeled as Confidential or Attorney's Eyes Only Information.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

_____

Signed in the presence of:

_____

(Attorney)