IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

SAUER BRANDS, INC. a/k/a DUKE'S,

    Plaintiff,

v.

DUKE SANDWICH PRODUCTIONS, INC., DFP SANDWICH SHOPS, LLC, and DUKE BRANDS,

    Defendants.

Case No. 3:19-cv-00508-FDW-DSC

## DEFENDANTS' OMNIBUS MOTION TO COMPEL

Pursuant to Federal Rules of Civil Procedure 26, 30, and 36, Defendants Duke Sandwich Productions, Inc. and DFP Sandwich Shops, LLC[1] (collectively. "Defendants") submit this memorandum in support of its Omnibus Motion to Compel.

### INTRODUCTION

Defendants bring this motion to compel in order to obtain critical documents and information that Plaintiff Sauer Brands, Inc. ("Plaintiff" or "Sauer") and third party Falfurrias Capital Partners ("Falfurrias") have withheld or have failed to gather and produce. Defendants have made attempts to resolve these disputes with Plaintiff and Falfurrias (who is the owner of Sauer and represented by the same counsel) without judicial intervention, but as discovery draws to a close, Plaintiff and Falfurrias continue to improperly redact documents, withhold responsive non-privileged information, and, in the case of Plaintiff, withhold Defendants' privileged documents despite having a duty to return those to Defendants. Defendants seek relief in the form of an order compelling the production of the missing information and reopening of depositions

---

[1] Duke Brands, while named as a defendant in this action, is not an actual juristic entity.

that are necessitated by the withholding of information and documents.

Defendants' counsel sent correspondence on August 18, 2020, outlining the multiple discovery deficiencies in hopes that motions to compel did not have to be filed. The self-serving response sent by Plaintiff's counsel at 6:13 pm on the close of discovery was written with the seeming knowledge that motions to compel would be forthcoming given their refusal to attempt to resolve these disputes in good faith.

## MOTIONS TO COMPEL

I.  **Motion to Compel Production of Documents**

   A.  **Falfurrias Documents, Including the Asset Purchase Agreement**

Defendants have sought a copy of the Asset Purchase Agreement between Falfurrias Capital ("Falfurrias") and Plaintiff, from three separate parties now, and have yet to receive a full, unredacted copy of it. Plaintiff has failed to produce the Asset Purchase Agreement despite representing to the Court on behalf of Falfurrias that the agreement could be obtained from Plaintiff. So, without any excuse or explanation, Plaintiff has failed to produce the agreement.

The only version of the Asset Purchase Agreement Defendants received was produced by Falfurrias, and contains multiple, improper redactions that specifically reference a settlement agreement with Defendants as well as the pending cancellation actions and that otherwise specifically relate to the subject matter of this litigation, including, without limitation, Plaintiff's dilution claim (e.g., customers, etc.). Those redactions fly in the face of the Court's denial of Falfurrias's Motion to Quash (Dkt. No. 29). Plaintiff's counsel claims that the redacted "language was drafted in anticipation of litigation and conveys a settlement position that is both work product and not relevant to the merits of the litigation."

First, Falfurrias and The C.F. Sauer Co. do not have any work-product or attorney/client

claims over information in the agreement or communications related thereto, because they were adverse to one another in the transaction. Plaintiff and Falfurrias have already attempted to argue that the common interest doctrine applies to the documents requested by the Falfurrias Subpoena. (*See* Dkt. No. 29-1 at 5-7). As explained by Defendants, the common interest privilege does not apply to Falfurrias and Plaintiff (*see* Dkt. No. 34 at 6-8). Indeed, this Court denied Plaintiff and Falfurrias's Motion to Quash. Even setting everything aside and assuming *arguendo* that the common interest privilege could somehow apply to the APA, no privilege log has been produced to allow Defendants to evaluate the privilege claim.

Second, despite the fact that the redacted information is directly related to Defendants and this litigation, Plaintiff's counsel summarily concludes that this information is "not relevant to the merits of this case." As already explained by Defendants in their Opposition to Falfurrias's Motion to Quash, Defendants have continuously attempted to obtain these documents throughout discovery because they are likely to lead to discoverable information relating to Defendants' defenses, including laches, estoppel, acquiescence, waiver, unclean hands, statute of limitations, good-faith junior user, judicial estoppel, and equitable estoppel. (*See* Dkt. No. 34 at 3-5). Moreover, Falfurrias, Plaintiff, or Plaintiff's counsel "should not take it upon him, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case." *David v. Alphin*, 2010 U.S. Dist. LEXIS 144275, at *21 (W.D.N.C. Mar. 30, 2010). The unilateral redaction of information within a responsive document—particularly where, as here, it is clear on the face of the document that the redacted information relates to Defendants and this litigation—is entirely inappropriate. *See Eshelman v. Puma Biotechnology, Inc.*, 2018 U.S. Dist. LEXIS 2853, at *9-10 (E.D.N.C. Jan. 8, 2018) (collecting cases). As this Court has explained, "where a Protective Order is in place … the Federal Rules provide no

3

procedural device for unilateral redaction by a party and it is a procedure that is not favored." *David v. Alphin*, 2010 U.S. Dist. LEXIS 144275, at *23 (W.D.N.C. Mar. 30, 2010) (granting motion to compel documents in unredacted form).

Furthermore, Falfurrias has not completed its document production or provided a privilege log. Indeed, Falfurrias has not even indicated when it will complete its document production. This is unacceptable especially given that discovery is coming to a close, when the subpoena was issued, and the extended period of time since the court denied the motion to quash.

### B. Documents from Custodian Conrad Sauer

In addition, and as learned in Conrad Sauer IV's deposition, Mr. Sauer's computers and/or devices were apparently not searched for responsive documents and he was not personally asked to identify or collect any documents for this case. This is borne out by the fact that Mr. Sauer appears as a custodian on only eight (8) documents in Sauer's document production ***despite him being listed as a custodian whose records were to be searched***.

### C. Documents from Custodian Mark Sauer

The complaint log that Mr. Mark Sauer testified to on August 18, 2020 should be immediately produced. If this log no longer exists, Plaintiff must explain why it was deleted (like so many other records that Plaintiff's former customer service representative Ms. Warthan apparently handled), when it was deleted, why it was deleted, and identify a person most knowledgeable about its deletion.

Further, Mr. Mark Sauer was served with a subpoena in his personal capacity and no response was received. Wharton Dec., ¶ 4, Ex. A. Thus, all documents in Mr. Mark Sauer's possession, custody, or control responsive the document subpoena must be produced. McGuire Woods accepted the subpoena on Mr. Sauer's behalf but, as we learned in today's deposition, Mr.

Sauer was never even made aware of the subpoena, moreover given an opportunity to respond. The complete lack of a response not only waives all objections, but seriously calls into question whether McGuire Woods, Mr. Mark Sauer, and Plaintiff have made a good faith effort to locate, collect, and produce documents.

**II.     Motion to Compel Production of Unredacted Versions of Certain of Plaintiff's Documents and Request for In-Camera Review**

As already explained above, unilateral redactions of a responsive documents is not appropriate. Plaintiff has made numerous redactions to documents that are facially improper, such as redacting communications between non-lawyers years before this suit was filed and claiming work product or attorney-client communication. Specifically, the following documents are still in dispute with Plaintiff's counsel's response in parentheses:

1. DUKES0010153 ("We will remove a portion of these redactions.")

2. DUKES0009994 ("This refers to legal work performed at the direction of an attorney in anticipation of litigation. It is therefore work product.")

3. DUKES0009734 ("This is an email among Sauer employees discussing legal advice. It will remain redacted.")

Plaintiff's counsel does not provide an explanation for why a portion of the redactions should remain for the first document, DUKES0010153. Nor does Plaintiff's counsel provide a date by when Defendants can expect to receive the document. As for the last two, Plaintiff's counsel maintains that the redacted portions contain privileged information. However, in the context of the surrounding information, it appears unlikely that the documents would contain privileged information and Defendants have serious doubts about the privilege claim. Defendants further note that a fourth document was also in dispute, DUKES0008315. Plaintiff's counsel responded at 6:13 p.m. on the close of discovery, that an unredacted version will be produced. There was no basis for the redaction in the first place, nor has Plaintiff's counsel explained why

this was redacted in the first place. This is yet another example of Plaintiff's approach to redactions, and further justifies Defendants' doubts regarding the legitimacy of Plaintiff's privilege claim to redact information.

Accordingly, Defendants hereby request, at a mimimum, an in-camera review of the three documents that remain in dispute—DUKES0010153, DUKES0009994, and DUKES0009734—and, pursuant to the Court's review of the redacted information, request that the Court compel Plaintiff to produce unredacted versions in the event the redacted portions are not privileged.

**III.   Motion to Compel Supplemental Depositions**

Defendants request that the Court order Plaintiff to produce the following witnesses for second depositions to allow Defendants the opportunity to ask the witnesses about certain the unredacted documents addressed in the preceding section:

- Erin Hatcher
- Ed Rominger
- Tom Gianassi
- Larry Smith
- Tom Barbitta

Because Plaintiff improperly redacted documents, Defendants were unable to adequately and thoroughly depose these witnesses.

**IV.   Motion to Clawback Privileged Documents**

Defendants seek the Court's assistance in ordering Plaintiff's compliance with the duty to return privileged documents. It has come to our attention that McGuire Woods received and improperly handled privileged communications. North Carolina Rule of Professional Conduct 4.4(b) states that "[a] lawyer who receives a writing relating to the representation of the lawyer's client and knows or reasonably should know that the writing was inadvertently sent shall promptly

6

Case 3:19-cv-00508-FDW-DSC   Document 62   Filed 08/20/20   Page 6 of 9

notify the sender." Our investigation indicates that four documents were inadvertently produced: Bates Nos. DFP-00002637, DFP-00002641, DFP-00002804, and DFP-00005523).[2] McGuire Woods knew such documents were privileged because it clearly planned to use, and did use, them in depositions and then claim that the documents contained privileged communications. When reviewing the documents initially—and certainly when planning for depositions—McGuire Woods had a duty to immediately return these documents. It did not. Instead, it utilized these documents in a manner that exacerbates the violation of Rule 4.4(b). More specifically, the documents were produced without metadata and production text (because it was scrubbed) and the inadvertent production was the result of a technical error by production assistants. As McGuire Woods has repeatedly brought up issues related to metadata, the absence of any metadata here, in conjunction with the substance of the communications, should have immediately alerted McGuire Woods of the nature of these documents. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) defendants demanded that the aforementioned documents be immediately returned and McGuire Woods and Sauer confirm that it has deleted and/or destroyed all copies and that it will not use the documents or information related thereto in any way. Plaintiff and McGuire Woods has refused to return the documents.

---

[2] To the extent a portion of the document is not privileged or otherwise protected, a redacted version will be provided.

Dated: August 20, 2020

Respectfully submitted,

/s/ *Jacob S. Wharton*
Press Millen, NCSB No. 16178
WOMBLE BOND DICKINSON (US) LLP
555 Fayetteville St., Suite 1100
Raleigh, NC 27601
Phone: 919.755.6067
Email: Press.Millen@wbd-us.com

Jacob S. Wharton, NCSB No. 37421
John D. Wooten IV, NCSB No. 51074
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Phone: 336.747.6609
Email: Jacob.Wharton@wbd-us.com

Minnie Kim, NCSB No. 46178
WOMBLE BOND DICKINSON (US) LLP
301 South College Street, Suite 3500
Charlotte, NC 28203
Phone: 704.331.4900
Email: Minnie.Kim@wbd-us.com

*Attorneys for Defendants DFP Sandwich Shops, LLC*

/s/ *Matthew J. Ladenheim*
Matthew J. Ladenheim, NCSB No. 29309
TREGO, HINES & LADENHEIM, PLLC
10224 Hickorywood Hill Ave., Suite 202
Huntersville, NC 28078
Phone: 704.599.8911
Email: mjl@thlip.com

*Attorney for Defendant Duke Sandwich Productions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented to accept service by electronic means.

Dated: August 20, 2020 /s/ *Jacob S. Wharton*
Jacob S. Wharton