# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT
# OF NORTH CAROLINA

| | |
|---|---|
| SAUER BRANDS, INC. a/k/a DUKE'S,<br><br>                Plaintiff,<br><br>    v.<br><br>DUKE SANDWICH PRODUCTIONS, INC., DFP SANDWICH SHOPS, LLC, and DUKE BRANDS,<br><br>                Defendants. | Case No. 3:19-cv-00508-FDW-DSC |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' OMNIBUS MOTION TO COMPEL

Plaintiff Sauer Brands, Inc. a/k/a Duke's ("Duke's"), by counsel, hereby submits this Response in Opposition to Defendants' Omnibus Motion to Compel ("Response").

## I. Motion to Compel Production of Documents

### A. Falfurrias Documents, Including the Asset Purchase Agreement

Defendants state that they sought a copy of the Asset Purchase Agreement ("APA") from three separate parties, but "Plaintiff has failed to produce the Asset Purchase Agreement despite representing to the Court on behalf of Falfurrias that the agreement could be obtained from Plaintiff." (Motion at 2). Then, confoundingly, Defendants acknowledge the "version of the Asset Purchase Agreement Defendants received was produced by Falfurrias." (Motion at 2) (emphasis added). In other words, counsel for Falfurrias (and Plaintiff) produced the APA.[1] If Defendants are

---

[1] Defendants also complain that Falfurrias has not produced a privilege log. However, Falfurrias produced over 1,000 pages of documents on July 24, 2020. It made another production on August 24, 2020, consisting of 321 pages of documents. Falfurrias has since been working diligently to review additional documents and draft a privilege log. It is worth noting that Falfurrias is not a party to this litigation and, as of July 24, 2020, had produced more emails than all Defendants combined. Defendants themselves only produced their first privilege log August 18, 2020, despite the July 21, 2020 deadline that Plaintiff honored. Defendants' privilege log contains a total of 28 entries, 20 of which are redacted.

1

suggesting Plaintiff should produce the APA again, despite the fact that counsel for Plaintiff has already produced it on behalf of Falfurrias, along with the schedules, Plaintiff disagrees. Defendants do not need, nor do the rules require, production of multiple copies of the same agreement. There is only one final APA, and counsel for Plaintiff produced it.

Defendants complain that, among the 578 pages of the APA, counsel for Plaintiff redacted a portion relating to a potential settlement between Sauer and Defendants that Plaintiff believes to be protected work-product, drafted by Sauer's attorneys in anticipation of this Litigation, and in any event irrelevant as an obsolete settlement position. This does not "fly in the face of the Court's denial of Falfurrias's Motion to Quash." (Motion at 2). That Order simply states, "the Motion to Quash is denied as to the Falfurrias Subpoena." It said nothing about whether specific documents are privileged or whether redacting a small portion of the APA for the reasons explained herein is appropriate. Of course the Order does not waive on behalf of Plaintiff and Falfurrias all claims to privilege and work-product with respect to individual documents. Defendants argue that "unilateral redaction of information within a responsive document" is "entirely inappropriate." (Motion at 3). However, every case they cite refers specifically to redactions based on relevance. *See David v. Alphin*, 2010 U.S. Dist. LEXIS 144275, at *21 (W.D.N.C. Mar. 30, 2010); *Eshelman v. Puma Biotechnology, Inc.*, 2018 U.S. Dist. LEXIS 2853, at *9-10 (E.D.N.C. Jan. 8, 2018). Defendants cite no authority holding that redactions to protect privilege or work-product are inappropriate. On the contrary, such redactions are proper. *In re NC Swine Farm Nuisance Litig.*, No. 5:15-CV-13-BR, 2017 WL 2313470, at *2 (E.D.N.C. May 26, 2017) ("Defendant has carried its burden to demonstrate the redacted information is privileged, and Plaintiffs have failed to provide a sufficient factual basis to warrant in camera review.").

Setting aside the fact that the redactions protect work-product, it is not clear how an abandoned settlement position could relate to Defendants' defenses, as they assume. Moreover, the Parties have a mediation scheduled August 27, 2020, and it would not be productive for Defendants to refer to an obsolete settlement position, drafted in anticipation of this Litigation without the benefit of discovery, as the Parties move forward with settlement efforts. Therefore, Plaintiff requests that this Court deny Defendants' request.

### B. Documents from Custodian Conrad Sauer

With respect to Defendants' allegations regarding the collection and search of Mr. Conrad Sauer's computers, Plaintiff already explained to Defendants in writing that those allegations are unfounded. Mr. Sauer's files were collected by Plaintiff's IT team early on in this case and provided to counsel for Plaintiff, who searched for responsive documents. *See* **Exhibit 1**. All responsive, non-privileged documents located based on that search have been produced. Consistent with the thorough discovery collection procedures required by the Rules, counsel for Plaintiff also conducted a custodian interview of Mr. Conrad Sauer on April 9, 2020. *See* **Exhibit 1**. During that interview, he was asked a series of questions to ascertain whether he possessed additional files on his personal devices or work cell phone that might be relevant to this case, and Mr. Sauer responded "no" to each of those questions. Accordingly, Plaintiff has complied with the collection and production requirements with respect to Mr. Conrad Sauer.

### C. Documents from Custodian Mark Sauer

Defendants seek a complaint log that first arose at the August 18, 2020 deposition of Mark Sauer. On August 19, counsel for Plaintiff indicated it had not seen such a document during its extensive collection and review efforts but was willing to search for and produce it, if it existed.

*See* **Exhibit 2**. Plaintiff inquired specifically about this complaint log, found it, and produced it on August 24, 2020.

With respect to the Mark Sauer subpoena, Defendants again raise an issue that Plaintiff already addressed in writing as follows:

> Mark Sauer was interviewed previously to determine if he had any responsive documents. We are happy to attest to that fact in a declaration if necessary. He informed us that he had no documents whatsoever. When Mr. Sauer mentioned memorabilia at the deposition today, I asked him afterward to show me what he was referring to. He did – Mr. Sauer was referring to three items, none which were documents. One was an antique Sauer's jar. One was an antique pharmaceutical package dating to when Sauer sold pharmaceuticals in late 1800s/early 1900s. The final item was an antique liniment package. All three items said "Sauer" and none mentioned "Duke" or "Duke's", and thus none were responsive to any document request in this case. Mr. Sauer then confirmed again to me that he has no documents from Sauer, and that he left his company computer with Sauer Brands. That laptop was searched pursuant to the ESI stipulation in this case, and responsive documents were produced. Mr. Sauer personally has no responsive documents, which I reconfirmed in person today.

*See* **Exhibit 2**. There is nothing further for Plaintiff to do to comply with the third-party subpoena Defendants issued to Mark Sauer. Indeed, Defendants do not even request anything from the Court on this issue and instead merely cast doubt on whether Plaintiff's counsel's efforts in responding to the subpoena were adequate. Plaintiff's counsel has already provided an explanation of its efforts, and they comply with the requirements of Rule 45 of the Federal Rules of Civil Procedure.

II. **Motion to Compel Production of Unredacted Versions of Certain of Plaintiff's Documents and Request for In-Camera Review**

In arguing "unilateral redactions of a responsive documents [sic] is not appropriate," Defendants continue to misstate or misunderstand the law on redacting privileged information. The three documents Defendants raise (DUKES0010153,[2] DUKES0009994, DUKES0009734)[3]

---

[2] Defendants complain that Plaintiff did not provide a date by which it would re-produce DUKES0010153. Plaintiff has already re-produced DUKES0010153 though, removing a portion of the redactions, as promised.
[3] Defendants also complain about a fourth document, DUKES0008315, which Plaintiff agreed to unredact. Defendants complain Plaintiff has not acted quickly enough though. Ironically, Defendants first raised issues with this document

all contain minimal redactions, each to protect work-product and privileged information. Plaintiff has already explained in writing that these redactions are appropriate because they protect work-product and privileged information. Each document is attached hereto as **Exhibit 3**. Defendants state, "in the context of the surrounding information, it appears unlikely that the documents would contain privileged information and Defendants have serious doubts about the privilege claim." Thus, the Parties are at an impasse because Defendants doubt the sincerity of Plaintiff's claim.

### III. Motion to Compel Supplemental Productions

Defendants request that the Court order Plaintiff to produce five witnesses for second depositions to allow Defendants the opportunity to ask the witnesses about the three documents addressed in Section II. As explained, those three documents contain minimal redactions to protect privileged information and work-product. Even if the Court ordered Plaintiff to produce unredacted versions of those three documents, nothing revealed would justify re-deposing five witnesses. Defendants cite no law to support the notion that such relief is appropriate in these circumstances. This appears to be a baseless request to distract from the serious deficiencies in Defendants' own production and improper instructions preventing witnesses from testifying, both of which justify compelling additional deposition testimony from Defendants' witnesses.

### IV. Motion to Claw Back Privileged Documents

Finally, Defendants accuse Plaintiff's counsel of violating North Carolina's ethics rules regarding inadvertent disclosures of privileged information and then attempt to claw back four documents under the guise of privilege. This is inappropriate. Defendants acknowledge that these documents were introduced and discussed in depositions in this case. However, they neglected to

---

on August 18, despite having received it on April 30. On August 20, Plaintiff responded that it would remove the redactions. On August 24, Plaintiff produced the unredacted version. Thus, while Defendants waited nearly four months to raise this issue, Plaintiff addressed it within two days and took action within six days.

5

Case 3:19-cv-00508-FDW-DSC    Document 72    Filed 08/26/20    Page 5 of 8

report that none of Defendants' counsel either lodged an objection that these documents were inadvertently produced or tried to claw them back. In fact, one attorney for Defendants actually stated that the factual information contained in DFP-00005523 was not privileged. Defendants have therefore waived any claim of privilege and cannot claw back these documents.

For similar reasons, Defendants' accusations regarding the violation of North Carolina's ethics rules are unfounded. As the rule clearly states, a lawyer must "know[] or reasonably should know that the writing was inadvertently sent" before any notification obligation attaches. North Carolina Rules of Professional Conduct, Rule 4.4. These documents were not inadvertently sent – they were Bates-stamped and marked with confidentiality designations, and then deliberately produced to the Plaintiff. The factual narratives contained in DFP-00002637, DFP-00002641, and DFP-00002804 actually support a reasonable inference that Defendants intentionally produced these documents—a point underscored by their failure to object when each document was introduced during a deposition. If Defendants' own counsel could not recognize these documents as privileged upon close review in the context of questioning a witness, it is absurd to expect that Plaintiff's counsel could do so. Similarly, DFP-00005523 reflects Defendants' request that counsel conduct a trademark clearance search and risk assessment of some of the marks at issue. These types of communications are regularly disclosed in trademark cases as they are a predicate to an "advice of counsel" defense to willful infringement. *See, e.g., Ltd. v. Ltd.*, 209 U.S.P.Q. (BNA) ¶ 167 (T.T.A.B. Nov. 26, 1980). That—coupled again with the failure to object to use of these documents in a deposition—underscores the reasonableness of Plaintiff's belief regarding these documents. Defendants' argument that the absence of metadata and production text should have made clear that the production was inadvertent is unsupported. More importantly, it is factually inaccurate because there actually is metadata and production text for all of these

6

documents. *See* **Exhibit 4**. Thus, as counsel for Plaintiff previously explained in writing, Defendants are simply wrong about the metadata and production text.

For the reasons stated herein, Plaintiff requests that the Court deny Defendants' Omnibus Motion to Compel.


Dated: August 26, 2020

/s/ Robert A. Muckenfuss
Robert A. Muckenfuss (Bar No. 28218)
Alec C. Covington (Bar No. 45956)
MCGUIREWOODS LLP
Fifth Third Center
201 North Tryon Street
Suite 3000
Charlotte, NC 28202
T: (704) 343-2000
F: (704) 343-2300
E-mail: rmuckenfuss@mcguirewoods.com
acovington@mcguirewoods.com

Lucy Jewett Wheatley (*pro hac vice*)
Amanda L. DeFord (*pro hac vice*)
adeford@mcguirewoods.com
800 East Canal Street
Gateway Plaza
Richmond, VA 23219
Tel: (804) 775-1000
Fax: (804) 775-1061
E-mail: lwheatley@mcguirewoods.com
adeford@mcguirewoods.com

*Attorneys for Plaintiff Sauer Brands, Inc. a/k/a Duke's*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of August 2020, the foregoing **Response in Opposition to Defendants' Omnibus Motion to Compel** was filed electronically with the Clerk of the Court for the Western District of North Carolina by using the CM/ECF system. Counsel for all parties in this case are registered CM/ECF users and will be served by the CM/ECF system:

/s/ Alec C. Covington
Alec C. Covington

*Attorney for Sauer Brands, Inc. a/k/a Duke's*