UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00508-FDW-DSC

| | |
|---|---|
| SAUER BRANDS, INC., )<br>a/k/a Duke's, )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>DUKE SANDWICH PRODUCTIONS, )<br>INC., DFP SANDWICH SHOPS, LLC, and )<br>DUKE BRANDS, )<br>)<br>    Defendants. ) | CONSENT JUDGMENT<br>and<br>PERMANENT INJUNCTION |

THIS MATTER is before the Court on the parties' Joint Motion for Consent Judgment and Permanent Injunction (Doc. No. 240). For the reasons stated in the joint motion, it is GRANTED.

This action, having come on for consideration of the Complaint of Plaintiff, Sauer Brands, Inc. ("Duke's"), is one for willful trademark infringement of Duke's DUKE'S trademarks, unfair competition, and false designation of origin in violation of the Lanham Act, the North Carolina Unfair and Deceptive Trade Practices Act, and common law against Duke Sandwich Productions, Inc. ("DSP") and DFP Sandwich Shops, LLC ("DFP Sandwich") (collectively, "Defendants"). Plaintiff and Defendants having waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Ru1es of Civil Procedure, and without trial, argument, or adjudication of any issue of fact or law, having consented to and stipulated to the entry of this Consent Judgment and Permanent Injunction under the terms provided herein:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. This Court has original jurisdiction over the subject matter of this action under the laws of the United States pursuant to 15 U.S.C. § 1121(a), as well as 28 U.S.C. § 1331 (Federal

Question Jurisdiction); 28 U.S.C. § 1337(a) (Commerce Regulations); and 28 U.S.C. § 1338(b) (Trademark and Unfair Competition). This Court has jurisdiction of all pendant state law claims pursuant to 28 U.S.C. § 1367(a) (Supplemental Jurisdiction) because all such claims are based upon the same or substantially the same conduct by Defendants.

2. Duke's is the owner of the following trademarks, among others:

| Mark | Reg. No. | Goods and Services |
|---|---|---|
| *Duke's* | 0,734,661 | Blue cheese dressing |
| *Duke's* | 1,650,276 | Tartar sauce, , sandwich relish, and barbecue sauce |
| *Duke's* | 1,650,253 | Mayonnaise and salad dressings |
| DUKE'S | 3,600,687 | Barbecue and dipping sauces |
| DUKE'S | 4,005,468 | Mayonnaise, tartar sauce, sandwich relish, and salad dressing |
| [jar image] | 6,193,515 | Mayonnaise |

3. As result of its long use and promotion of these trademarks, Duke's has established these trademarks as famous and having secondary meaning among actual and target purchasers as well as among members of the public.

4. Defendants acknowledge the existence and validity in the United States of the trademark rights described in Paragraph 2 above, and the ownership thereof by Duke's.

5. Duke's is also the owner of common law trademark rights in connection with its packaging and labeling as shown in Exhibit A attached hereto.

6. Defendants acknowledge the existence and validity in the United States of the common law trademark and trade dress rights described in Paragraph 5 above, and the ownership thereof by Duke's.

7. Defendants acknowledge that they have used DUKE-formative trademarks as pictured in the attached Exhibit B.

8. Judgment is entered for Duke's on all of its claims.

9. Defendants, their agents, servants, employees, principals, attorneys, and all others in active concert or participation with any of them, are permanently enjoined and restrained from:

   a) Using, registering, or attempting to register any DUKE-formative trademark or trade name, including DUKE or DUKE'S, alone or in conjunction with other elements, or any designation that is confusingly similar thereto, in connection with (i) food or beverage products, (ii) food or beverage manufacturing, distribution, or marketing (including but not limited to private labeling and co-packing services), or (iii) restaurant services (except as provided herein);

   b) from using or registering in any manner DUKE or DUKE'S, alone or in conjunction with other elements, or any other marks, words, or names that are confusingly similar to the Plaintiff's DUKE'S Marks on packaging, labels, signs, literature, display cards, Internet websites, in domains, on social media, in hashtags, or on or with other packaging, advertising, or promotional materials, or other materials;

   c) using the scripted font shown in Exhibit B or any scripted font that is confusingly similar to the DUKE'S scripted font as shown in U.S. Registration Nos. 0,734,661, 1,650,276, or 1,650,253, in connection with (i) food or beverage products, (ii) food or

        beverage manufacturing, distribution, or marketing (including but not limited to private labeling and co-packing services), or (iii) restaurant services;

    d) using any labeling, packaging, or trade dress featuring a yellow, red, and black color scheme, black medallion, and red banner, or that is confusingly similar to the DUKE'S packaging as depicted in Exhibit A hereto;

    e) from making any statements on promotional materials or advertising for its goods or services that are false or misleading as to source or origin or affiliation with, sponsorship by, or connection to Duke's, including but not limited to references to the parties' limited shared origin, Eugenia Duke's recipes, and DUKE'S mayonnaise; and

    f) doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendants or its products contain DUKE'S mayonnaise, or emanate from, or are affiliated or connected with, or sponsored or approved by, Duke's.

10. After service of notice of entry of judgment or issuance of an injunction pursuant thereto, Defendants shall file with the Court and serve upon Duke's counsel a written report under oath setting forth details of the manner in which Defendants has complied with the Court's order pursuant to subparagraphs (a) through (f) in Paragraph 9 above. The time for compliance with the requirements set forth in this Order shall be provided in a separate Settlement Agreement executed by the Parties, and submitted to the Court under seal.

11. Notwithstanding the foregoing, Defendant DFP Sandwich Shop, LLC is not barred from continuing to operate one or more restaurants (including to-go and catering services), including the one currently located at 1001 Poinsett Hwy, Greenville, SC 29609, under the name DUKE SANDWICH COMPANY, and in connection with the logo depicted in

Exhibit C hereto, provided the use of the aforementioned name and logo is limited to within a twenty-five mile radius of Greenville, South Carolina.

12. Defendants are further hereby directed to transfer all DUKE-formative domain names owned by Defendants to Duke's, with the exception of dukesandwich.com, which domain Defendants may maintain for use in connection with the Greenville, South Carolina sandwich restaurant, provided the website otherwise is in compliance with this Permanent Injunction.

13. The United States Patent and Trademark Office is hereby directed to cancel Defendant DFP Sandwich Shop LLC's federal trademark registrations nos. 3,306,449; 4,531,158; 4,531,159; 4,531,160; 4,531,161; and 4,531,162.

14. Defendants acknowledge that a breach of this Consent Judgment and Permanent Injunction by Defendants would result in irreparable injury to Duke's, and that in the event of a breach, Duke's would be entitled to immediate injunctive relief to enforce this Consent Judgment and Permanent Injunction, damages, and to reimbursement of its reasonable attorneys' fees and costs arising from bringing an action against Defendants and enforcement of this Consent Judgment and Permanent Injunction.

15. Jurisdiction is retained by this Court for the purpose of enabling Duke's to apply to the court in the future for such further orders and directions as may be necessary or appropriate for the enforcement of the terms of this Consent Judgment and Permanent Injunction, as well as to enforce the terms of a separate Settlement Agreement entered into between Duke's and Defendants with respect to the subject matter of this action.

16. There being no just reason for delay, the Joint Motion for Consent Judgment and Permanent Injunction (Doc. No. 240) is GRANTED, and the Clerk of this Court is hereby

directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Consent Judgment forthwith.

17. The Clerk is RESPECTFULLY DIRECTED to terminate all pending motions and deadlines in this case, including trial, and to CLOSE THE CASE.

IT IS SO ORDERED.

Signed: June 4, 2021

Frank D. Whitney
United States District Judge

The parties hereby consent to the entry of the foregoing Consent Judgment and Permanent Injunction and waive any and all rights of appeal.

| | |
|---|---|
| /s/ Robert A. Muckenfuss<br>Robert A. Muckenfuss (Bar No. 28218)<br>Alec C. Covington (Bar No. 45956)<br>Kelly A. Warlich (Bar No. 51053)<br>McGuireWoods LLP<br>201 North Tryon Street, Suite 3000<br>Charlotte, NC 28202<br>T: (704) 343-2052<br>F: (704) 444-8707<br>**rmuckenfuss@mcguirewoods.com**<br>**acovington@mcguirewoods.com**<br>**kwarlich@mcguirewoods.com**<br><br>Lucy Jewett Wheatley (*pro hac vice*)<br>Amanda L. DeFord (*pro hac vice*)<br>MCGUIREWOODS LLP<br>Gateway Plaza<br>800 East Canal Street<br>Richmond, Virginia 23219<br>Tel: 804-775-1800<br>**lwheatley@mcguirewoods.com**<br>**adeford@mcguirewoods.com**<br><br>*Attorneys for Plaintiff Sauer Brands, Inc. a/k/a Duke's* | /s/ Jacob S. Wharton<br>Jacob S. Wharton (Bar No. 37421)<br>WOMBLE BOND DICKINSON (US) LLP<br>555 Fayetteville St., Suite 1100<br>Raleigh, NC 27601<br>Phone: 919.755.6067<br>Email: **Jacob.Wharton@wbd-us.com**<br><br>Press M. Millen, (Bar No. 16178)<br>John D. Wooten IV, (Bar No. 51074)<br>WOMBLE BOND DICKINSON (US) LLP<br>One West Fourth Street<br>Winston-Salem, NC 27101<br>Phone: 336.747.6609<br>**Press.Millen@wbd-us.com**<br>**Jd.Wooten@wbd-us.com**<br><br>Russ Ferguson, NCSB No. 39671<br>Minnie Kim, NCSB No. 46178<br>WOMBLE BOND DICKINSON (US) LLP<br>301 South College Street, Suite 3500<br>Charlotte, NC 28203<br>Phone: 704.331.4900<br>Email: **Russ.Ferguson@wbd-us.com**<br>**Minnie.Kim@wbd-us.com**<br><br>*Attorneys for Defendants DFP Sandwich Shops, LLC and Duke Brands*<br><br>/s/Matthew J. Ladenheim<br>Matthew J. Ladenheim (Bar No. 29309)<br>TREGO, HINES, & LADENHEIM, PLLC<br>10224 Hickorywood Hill Ave, Suite 202<br>Huntersville, NC 28078<br>Tel: (704) 599-8911<br>Fax: (704) 464-1084<br>Email: **mjl@thlip.com**<br><br>*Attorney for Defendant Duke Sandwich Productions, Inc.* |

# Exhibit A to the Consent Judgment and Permanent Injunction

*Sauer Brands, Inc. v. Duke Sandwich Productions, Inc. et al*, **3:19-cv-0508**



# Exhibit B to the Consent Judgment and Permanent Injunction

*Sauer Brands, Inc. v. Duke Sandwich Productions, Inc. et al*, 3:19-cv-0508

  



  

# Exhibit C to the Consent Judgment and Permanent Injunction

*Sauer Brands, Inc. v. Duke Sandwich Productions, Inc. et al*, 3:19-cv-0508

